USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/10/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRYCE ZACKERY,

Plaintiff,

v.

RONDINONE STUDIO LLC, and UGO
RONDINONE, *individually*,

Defendants.

---

No. 19-cv-1191 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Bryce Zackery brings this action against his former employers, Defendants Rondinone Studio LLC and Ugo Rondinone (collectively "Rondinone"), for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement (the "Agreement"). *See* Agreement, Dkt. 5-1. Although the Court approves of the parties' settlement amount and the attorney's fees in this case, it cannot approve of the Agreement with its present release of claims and non-disparagement provisions.

## A. The Settlement Amount

The Court finds that the settlement amount is fair and reasonable. Under the Agreement, Defendants agree to pay Plaintiff $50,000. *See* Agreement ¶ 3. After attorney's fees are subtracted, Plaintiff will receive $33,333.34. *See id.* Plaintiff estimates that he is entitled to $43,875 in unpaid/underpaid minimum wages and overtime. *See* Fairness Letter at 2. Excluding any liquidated damages, this means that the Agreement leaves Plaintiff with approximately 76% of the maximum amount he expects he could have recovered at trial. This amount is reasonable in light of the risks of trial. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL

8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

## B. Attorney's Fees

The Court also approves the attorneys' fees and costs set forth in the Fairness Letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229-30 (2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount." *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950(RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). The settlement amount of $50,000 allocates $16,666.66 in fees to Plaintiff's counsel, *see* Agreement ¶ 3, which constitutes 33% of the settlement amount. This amount is therefore reasonable.

## C. The Release and Non-Disparagement Provisions

Nevertheless, the Court will not approve of the Agreement with its present release of claims and non-disparagement provisions.

### 1. The Release Provision

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

2

Here, the "Release of Claims" provision is not limited to the "claims at issue in this action."

*See* Agreement ¶ 5. Rather, this provision states that Plaintiff not only "waives, releases, and forever discharges" "any and all ... claims (known or unknown)" under the FLSA and the NYLL, but under "any other federal, state, or local common law, statute, regulation, or law of any other type against Rondinone." *Id.* ¶ 5. This does not meet the standards established for approval by courts in this District. *See Lazaro-Garcia*, 2015 WL 9162701, at \*2 (finding that an agreement requiring plaintiff "to waive essentially all claims that may have arisen out of his employment with Defendants" was not fair and reasonable); *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at \*3 (S.D.N.Y. May 5, 2017) (striking a mutual release agreement that required "Plaintiffs to waive virtually any claim, of any type, in existence now or in the future, against Defendants or any possibly related entity").

## 2. The Non-Disparagement Provision

The Agreement also includes a non-disparagement provision that bars Plaintiff from "disparig[ing] or encourag[ing] or induc[ing] others to disparage any of the Released Parties." Agreement ¶ 7.

Courts must carefully review any confidentiality provisions in FLSA settlements because they are potentially in tension with Congress's broader goal of ensuring widespread compliance with the statute. *See Lopez*, 96 F. Supp. 3d at 177–78. Although not all non-disparagement clauses are per se objectionable, if the provision "would bar plaintiffs from making 'any negative statement' about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the statute." *Id.* at 180 n.65.

The instant non-disparagement provision contains no such carve-out. Without this exception, Defendants could argue that Plaintiff would violate the Agreement by informing other

3

employees—who may not be aware of their rights under FLSA—of the company's alleged failure to pay the wages required by law. "Barring the plaintiff from speaking about the settlement would . . . thwart Congress's intent to ensure widespread compliance with the statute . . . by silencing the employee who has vindicated a disputed FLSA right." *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2015 WL 129723, at \*2 (S.DN.Y. Jan. 9, 2015) (internal citations and alteration omitted). Accordingly, this Court will not approve the Agreement so long as it contains the non-disparagement provision as written.

## CONCLUSION

For the reasons stated above, the Court cannot approve the parties' Agreement. The parties may proceed in one of the following three ways by July 31, 2019:

1.     The parties may file a revised Agreement that addresses the issues identified above;

2.     The parties may file a joint letter indicating their intention to abandon the Agreement and continue pursuing this litigation; or

3.     The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated:     July 10, 2019
           New York, New York

Ronnie Abrams
United States District Judge

4